UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 4, 2025

MEMORANDUM TO COUNSEL RE:   Milleville v. Kennedy
Civil Action No. GLR-25-1245

Dear Counsel:

Pending before the Court are Plaintiff Shawn Milleville's Motions for Preliminary Injunction (ECF Nos. 2, 8) and Defendant Robert F. Kennedy, Jr.'s ("the Government") Motion to Dismiss or in the alternative Motion for Summary Judgment (ECF No. 21). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons outlined below, the Court will deny Milleville's Motions, grant the Government's Motion, and dismiss this case.

**Background**[1]

Plaintiff Shawn Milleville is a GS-12 Safety Officer with 16 years and 6 months of federal service at the National Institutes of Health (NIH). (Am. Compl. ¶ 3, ECF No. 10). On March 31, 2025, Milleville received a notice that he would be "separated from federal service effective June 2, 2025, as part of a Reduction in Force (RIF)" under Executive Order 14210 and the Department of Health and Human Services ("HHS")'s broader reorganization strategy. (Id. ¶ 5). Milleville was placed on administrative leave on April 1, 2025. (Id. ¶ 6). He brings this motion for preliminary injunction to stay the Department of Health and Human Services's action to place him on administrative leave and terminate him. (Id. at 10–11).[2]

On April 11, 2025, Milleville filed an appeal of his termination with the Merit Systems Protection Board (MSPB) to challenge the legality of the RIF. (Id. ¶ 16). The MSPB rejected the appeal on the basis that it was premature. (Id.).[3] Milleville then filed a Complaint in this Court on April 16, 2025. (ECF No. 1). Milleville filed an Amended Complaint the next day. (ECF No. 10). Milleville filed an initial Motion for Preliminary Injunction on April 16, 2025, (ECF No. 2), and a second Motion for Preliminary Injunction on April 17, 2025, (ECF No. 8). On May 9, 2025, the

---

[1] Unless otherwise noted, the Court takes the following facts from the Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

[3] The Court notes there appear to be two paragraphs numbered 16 in the Complaint.

Government filed a Motion to Dismiss or in the alternative Motion for Summary Judgment.[4] (ECF No. 21). Milleville filed an Opposition on May 27, 2025. (ECF No. 22). To date, the Government has not filed a reply.

Milleville seeks (1) an immediate injunction staying his separation from federal service; (2) an order instructing that he should be returned to work immediately pending the final resolution by the MSPB or compliance by the Agency with 5 CFR § 351.201(c), whichever is later; and (3) for this Court to then maintain the injunction pending final resolution of his MSPB appeal or compliance by the Agency with 5 CFR § 351.201(c), whichever is later. (Am. Compl. at 10–11).

**Standard of Review**

"A preliminary injunction is an 'extraordinary and drastic remedy.'" See Munaf v. Geren, 553 U.S. 674, 689–90 (2008) (quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2948, at 129 (2d ed. 1995)). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) that the injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Frazier v. Prince George's Cnty., Maryland, 86 F.4th 537, 543 (4th Cir. 2023).

A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D. Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction.

---

[4] The Court declines to treat the Government's Motion as a Motion for Summary Judgment because it does not rely on matters outside the pleading to resolve the case. See Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.) ("[The Court has] complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.")).

**<u>Analysis</u>**

The Government moves to dismiss Milleville's Complaint because it asserts the Court lacks jurisdiction to hear this matter. (Gov't's Mem. L. Supp. Mot. Dismiss at 4, ECF No. 21). Because the Court agrees, and for the reasons that follow, the Court will grant the Government's Motion to Dismiss. For these same reasons, the Court will deny Milleville's Motions for Preliminary Injunction.

Milleville's Motions for Preliminary Injunction must be denied because he cannot meet the first element necessary to the entitlement of such relief—a likelihood of success on the merits—because he has failed to exhaust his administrative remedies, and this Court is not the proper forum to address his claims. The exclusive remedy for federal employees challenging agency action is the Civil Service Reform Act (CSRA). Pinar v. Dole, 747 F.2d 899, 913 (4th Cir. 1984). The CSRA "'establishes a framework for evaluating personnel actions taken against federal employees.'" Zachariasiewicz v. U.S. Dep't of Just., 48 F.4th 237, 242 (4th Cir. 2022) (quoting Kloeckner v. Solis, 568 U.S. 41, 44 (2012)). It "prescribes in great detail the protections and remedies applicable to such action[s], including the availability of administrative and judicial review." Zachariasiewicz, 48 F.4th at 242 (alteration in original) (quoting United States v. Fausto, 484 U.S. 439, 443 (1988)).

Under the CSRA, the MSPB has jurisdiction over adverse employment actions, including terminations such as that alleged by Milleville. Fletcher v. Ross, No. TDC-17-3419, 2018 WL 6031173, at *4 (D.Md. Nov. 16, 2018); 5 C.F.R. § 1201.3(1). An employee may appeal a "major personnel action, such as termination, directly to the MSPB, and if he does not prevail before the MSPB, he may seek judicial review in the Federal Circuit." Zachariasiewicz, 48 F.4th at 242 (quoting Fleming v. Spencer, 718 F. App'x 185, 186 (4th Cir. 2018) (per curiam)) (cleaned up). Any such "petition to review . . . shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1)(A). Thus, the Federal Circuit has "exclusive jurisdiction . . . of an appeal from a final order or final decision of the [MSPB]." 28 U.S.C. § 1295(a)(9).

"Self-evidently, section 1295(a)(9) cannot be circumvented by challenging an MSPB decision in a suit brought in a United States District Court against the MSPB or one of its officials." Jimenez v. Barnhart, No. JFM-06-1446, 2006 WL 3781165, at *1 (D.Md. Dec. 20, 2006), aff'd sub nom. Jimenez v. Astrue, 294 F.App'x 758 (4th Cir. 2008). There are certain limited circumstances where, if the employee alleges that the adverse employment action was in part the result of discrimination, the appeal is considered a "mixed-case" and the EEOC or a federal district court is the proper forum for review. Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 437 (2017). Here, Milleville does not allege that his termination was based on protected characteristics or discrimination. Thus, he is required to appeal to the Federal Circuit.

To the extent Milleville claims venue is proper in this Court based on this Court's recent opinion in State of Maryland et al. v. United States Department of Agriculture et al., he is misguided. 770 F.Supp.3d 779 (D.Md. 2025). The plaintiffs in that case were states with no other avenue for review or relief. In fact, the court there specifically stated, "the Government is correct

that the Federal Circuit has exclusive jurisdiction over challenges to the final decisions of the MSPB." State of Maryland, 770 F.Supp.2d at 804; 28 U.S.C. § 1295(a)(9). The Court explained that MSPB's statute shows that review is available for "employee[s] or applicant[s] for employment affected or aggrieved" by the MSPB's decisions, Id. (citing 5 U.S.C. § 7703(a)(l)), and "Courts of Appeals have exclusive jurisdiction over review" for "[a]ny person aggrieved" by most final orders of the FLRA. Id. Here, Milleville is a person and employee under the relevant statutes. (Am. Compl. ¶ 3). He can, and indeed has, sought review with the MSPB. (Id. ¶ 16). He is required to challenge that decision with the Federal Circuit, not this Court. Accordingly, Milleville has filed his petition for judicial review in the wrong Court, and this Court lacks jurisdiction to review his claims. See Ashe v. Price, No. PJM 16-3423, 2017 WL 3172776, at *6 (D.Md. July 26, 2017)

Additionally, the CSRA does not permit review of Milleville's claims because the MSPB has not yet issued a final decision. Milleville concedes that he is unable to appeal MSPB's denial to the United States Court of Appeals for the Federal Circuit because that Court "lacks jurisdiction to review non-final Board decisions." (Mem. Supp. Pl.'s Mot. Preliminary Inj. ["Mot. Preliminary Inj."] at 5, ECF No. 8-1) (citing Esparraguera v. Dep't of the Army, 981 F.3d 1328, 1337 (Fed. Cir. 2020)). This Court is subject to the same finality requirements as the Federal Circuit. In order for the Court to have subject matter jurisdiction over the appeal of Milleville's claims, Milleville must have exhausted his administrative remedies before the MSPB. Harris v. Evans, 66 F.App'x. 465, 467 (4th Cir. 2003). Exhaustion of administrative remedies only occurs when the MSPB has issued a final decision. 5 C.F.R. § 1201.113 ("Administrative remedies are exhausted when a decision becomes final in accordance with this section."). As there is no final decision from the MSPB, Milleville has not exhausted his administrative remedies, and the Court does not have subject matter jurisdiction to review Milleville's claims.

For all these same reasons, and viewing the facts most favorably to Milleville, the Court will grant the Government's Motion to Dismiss based on a lack of jurisdiction. Milleville's Opposition to the Government's Motion does not disturb this result. (See generally Pl.'s Opp'n Gov't's Mot. Dismiss, ECF No. 22).

**Conclusion**

For the foregoing reasons, the Government's Motion to Dismiss (ECF No. 21) is GRANTED and Milleville's Motions for Preliminary Injunction are DENIED AS MOOT (ECF Nos. 2, 8). The Complaint is DISMISSED, and the Clerk is directed to CLOSE this case and PROVIDE a copy of this Order to all counsel of record.

Entered this 4th day of August, 2025.

                                          Very truly yours,
                                          /s/
                                        George L. Russell, III
                                        Chief United States District Judge